IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KRINKS, *et al.*, | ) |
|     Plaintiffs, | ) |
| | ) No. 3:12-cv-1095 |
| v. | ) Judge Trauger |
| | ) |
| HASLAM, *et al.*, | ) JURY DEMAND |
| | ) |
|     Defendants | ) |
| | ) |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d), the following Initial Case Management Plan is **adopted**.

**1. Jurisdiction and Venue**

This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, as may be modified by pending partial dispositive motion.

Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(2) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in this district and also under 28 U.S.C. § 1391 (e)(3) as at least one of the plaintiffs resides in this district. Jurisdiction and venue are not disputed.

**2. Plaintiffs' Theory of the Case**

This is a civil rights case under 42 U.S.C. § 1983. The case was filed on behalf of protestors who were or are part of the Occupy Nashville protest movement and who were impacted by the imposition of new rules by the State of Tennessee, the enforcement of which violated Plaintiffs' free speech rights protected under the Constitution of the United States and the Constitution of the State of Tennessee. The lawsuit further alleges that the new rules were

adopted improperly and in violation of the Tennessee Uniform Administrative Procedures Act, that they are overly broad and vague, and that they impose unreasonable financial restrictions on speech. The lawsuit alleges false arrest, retaliation and illegal surveillance in contravention of the First Amendment. Additionally, the lawsuit alleges that the rules were applied unequally against the protestor-Plaintiffs and Occupy Nashville in an effort to silence their speech. The plaintiffs have moved for injunctive relief, declaratory judgment, damages, fees and costs for the violation of the First Amendment rights of the protestors and their illegal arrests and detention.

**3. Defendants' Theory of the Case**

It is defendant's position that the Legislative Plaza, War Memorial Courtyard and Capitol Grounds Use Policy ("Use Policy") was appropriate, properly adopted and applied equally. The purpose of the Use Policy was to secure the health, safety and welfare of all people using the War Memorial Plaza and to ensure the structural integrity of the War Memorial Plaza. The Use Policy was not instituted for purposes of chilling First Amendment rights. Occupy Nashville participants had complained that there had been incidents and were concerned about their safety. In addition, several people not involved in the Occupy Nashville movement had complained about the unlawful and unsanitary activities of Occupy Nashville participants. Defendants deny that the arrests were illegal. Defendants deny that plaintiffs' First Amendment rights were violated. Defendants deny that plaintiffs are entitled to any further injunctive relief, declaratory relief, or money damages.

**4. Identification of the issues:**

Defendants do not dispute jurisdiction and venue. Issues still in dispute are liability and damages.

**5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure**

Plaintiffs do not anticipate counter-claims, cross-claims, third-party claims, and joinder of other parties or claims, or the need for resolution of any issues arising under the above-cited rules. It is possible, however, that Plaintiffs will amend their complaint pursuant to the Rules if, in the course of discovery, new parties or claims come to light.

**6. Witnesses**

To be disclosed in initial disclosures.

**7. Initial Disclosures and Staging of Discovery**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures by **March 7, 2013**.

All discovery shall be completed by the close of business on **January 15, 2014**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **December 15, 2013**.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery, and in no case later than **July 26, 2013**.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to **forty (40)** such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Local Rule 33.01 shall govern. Each party shall be permitted to take **twenty (20)** depositions.

Plaintiffs do not initially believe the use of expert witnesses will be helpful in this matter. However, disclosure of a full list of experts shall occur by close of business on **July 26, 2013**. Depositions of experts shall conclude by **September 26, 2013**.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

**8. Dispositive Motions**

All dispositive motions shall be filed by **February 21, 2014** and any response thereto shall be filed by **March 13, 2014**. Any reply shall be filed by **March 27, 2014**. If dispositive motions are filed early, the response and reply dates shall be moved up accordingly (20 days and 14 days, respectively). The motion and response memoranda are limited to 20 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleadings or by agreement of the parties. Discovery is not stayed during dispositive motions, unless ordered by the court. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

**9. Other Deadlines**

There are no other deadlines to be calendared at this time.

**10. Subsequent case management conferences**

Counsel for all parties will contact the Court if any subsequent case management conferences are needed.

**11. Electronic discovery**

The parties are in agreement on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply.

**11. Joint mediation report**

The parties shall file a joint mediation report on or before **December 15, 2013**.

**12. Target trial time**

The parties expect the trial to last approximately **three** days.

The Court shall docket the trial as appropriate and as the parties may agree at a future case management conference.

It is so **ORDERED.**

**ENTERED** this the 28th day of JANUARY, 2013.

_____
ALETA A. TRAUGER
United States District Judge


APPROVED FOR ENTRY:


s/William P. York                                             s/Dawn Jordan

William Patrick York II (BPR 30546)          Dawn Jordan (BPR 20383)
114 Porter Terrace                                       Senior Counsel
Nashville, TN 37206                                   Civil Rights and Claims Division
Phone: (615) 969-8880                              Office of the Attorney General
wyork@me.com                                        P.O. Box 20207
                                                                    Nashville, TN 37202
Attorney for the Plaintiffs
                                                                    Robert E. Cooper, Jr. (BPR 10934)
                                                                    Attorney General and Reporter

                                                                    Attorneys for the Defendants