IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LINDSEY GLENN KRINKS, *et al.*, | ) | |
| | ) | |
|     *Plaintiffs*, | ) | Case No. 3:12-cv-1095 |
| | ) | Judge Aleta Trauger |
| v. | ) | |
| | ) | |
| WILLIAM EDWARD "BILL" HASLAM, *et al.*, | ) | |
| | ) | |
|     *Defendants*. | ) | JURY DEMAND |

## PLAINTIFFS' MOTION TO STAY

COME NOW Plaintiffs, by and through counsel, and move this Court to stay the instant case in its entirety pending the resolution on interlocutory appeal of the related case, *Occupy Nashville v. Haslam*, No. 3:11-cv-1037 (M.D. Tenn.). The Court of Appeals's resolution of the appeal is likely to resolve the questions of law common to both cases. This motion is made to economize the parties' resources, the State of Tennessee's resources, and the Court's resources, as the Sixth Circuit Court of Appeals has already set the *Occupy Nashville* case for oral argument on January 31, 2014, (s*ee* Exhibit A – Scheduling Order, *Occupy Nashville v. Haslam*, No. 13-5882 (6th Cir. 2013)), and not for purposes of unreasonable delay. Defendants have indicated they intend to oppose Plaintiffs' motion.

### ARGUMENT

It has long been recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The courts have developed a four-factor test for determining the propriety of granting

1

stays pending the resolution of related cases: (1) the potentiality of another case having a dispositive effect on the case to be stayed; (2) the judicial economy to be saved by waiting on a dispositive decision; (3) the public welfare; and (4) the hardship or prejudice to the party opposing the stay, given its duration. *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis*, 299 U.S. at 255).

   Here, all four factors tip in favor of Plaintiffs' motion. The Sixth Circuit's resolution of the *Occupy Nashville* case on appeal will very likely resolve the issues of law at issue in this case since plaintiffs in both cases allege nearly identical claims to First, Fourth, and Fourteenth Amendment violations, actionable under 42 U.S.C. § 1983. Second, the scheduling order in effect for this case sets dispositive motion deadlines during the pendency of the Court of Appeals's consideration of the *Occupy Nashville* case. [Doc. 23 (Initial Case Management Order) at 4]. The parties have submitted discovery, and discovery is currently scheduled to conclude on January 15, 2014. Litigating any discovery disputes, all of which may become moot because of the Sixth Circuit's decision, would not further judicial economy. Furthermore, the parties undoubtedly expect to spend many hours preparing dispositive motions, and it is nonsensical for the Court to expend its time and resources in ruling on such motions if the Sixth Circuit is able to resolve the matter of liability on appeal. Third, the public welfare factor tips in favor of Plaintiffs' motion because Tennessee's taxpayers need not expend further resources litigating a case, including discovery motions and summary judgment motions, during the pendency of an appeal with identical questions of law and nearly identical issues of fact. Lastly, it is difficult to conceive of any hardship or prejudice Defendants would suffer as a result of a stay of this case, especially since it is Plaintiffs who seek the stay. Furthermore, it is the same Defendants in this case who exercised their right to appeal in *Occupy Nashville*, so Defendants

2

Case 3:12-cv-01095   Document 31   Filed 12/30/13   Page 2 of 5 PageID #: 160

would suffer no prejudice from a short delay in resolving this case since the *Occupy Nashville* case remains pending on appeal. Defendants cannot demonstrate undue hardship. Accordingly, all four factors counsel in favor of granting Plaintiffs' motion to stay. *Monaghan v. Sebelius*, No. 12-15488, 2013 WL 3212597 (E.D. Mich. Jun. 26, 2013).[1]

Because the Sixth Circuit's decision in *Occupy Nashville* "may resolve some of the issues which this Court will have to decide in the pending matter," and the *Occupy Nashville* case has already been scheduled for argument, it is in the parties' Court's interests to stay these proceedings pending the resolution of Defendants' interlocutory appeal in that matter. *Bd. of Trustees of Sheet Metal Workers' Local Union No. 80 Ins. Trust Fund v. Blue Cross and Blue Shield of Michigan*, No. 2:13-cv-10415, 2013 WL 4052740 (E.D. Mich. Aug. 12, 2013) (granting defendant's motion for stay pending resolution of related case on appeal). *Accord Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11 Civ. 1608, 2012 WL 2865485 (S.D.N.Y. Jul. 10, 2012) (granting stay pending related case on appeal and discussing propriety of granting stay); *Fried v. Lehman Bros. Real Estate Associates III, L.P.*, No. 11 Civ. 4141, 2012 WL 252139 (S.D.N.Y. Jan. 25, 2012); *Banos v. City of Chicago*, No. 98-C-7629, 2002 WL 31870152, *1 (N.D. Ill. Dec. 17, 2002) (staying summary judgment arguments indefinitely pending resolution of appeal in related case, in part because the "pending appeal may alter the legal landscape of the issues involved in this matter").

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court STAY this case pending the resolution of the appeal in the related case *Occupy Nashville v. Haslam*, No. 13-5882 (6th Cir.) and then ENTER an appropriate amended case management or scheduling order.

---

[1] Moreover, federal prudential abstention principles may favor a stay pending resolution of related proceedings. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996).

DATED: December 30, 2013                    Respectfully submitted,

                                            s/ William P. York II
                                            William P. York II
                                            114 Porter Terrace
                                            Nashville, TN 37206
                                            (615) 969-8880
                                            wyork@me.com

                                            *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on December 30, 2013, I caused the foregoing Motion to Stay to be served on the following attorneys for Defendants by operation of the Court's ECF/CM system:

Dawn M. Jordan
Heather C. Ross
Tennessee Attorney General's Office
Civil Rights and Claims Division
P.O. Box 20207
Nashville, TN 37202

DATED: December 30, 2013                    Respectfully submitted,

                                            s/ William P. York II
                                            William P. York II